IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CYNTHIA LOWREY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:08-cv-00779 |
| | ) | JUDGE HAYNES |
| TRITAN GROUP LTD., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM**

Plaintiff Cynthia Lowrey, a Florida citizen, filed this action under 28 U.S.C. § 1332, the federal diversity statute, against the Defendants: Tritan Group Ltd., Bruce Most, Timothy Gibbs, Goolsby Masonry Contractor, Pete Goolsby, James Goolsby, Tony Goolsby, Chris Mitchell, and Eagle Construction Company, Tennessee citizens. Plaintiff's claims arise out of the construction of a log home on her property in DeKalb County, Tennessee.

Before the Court are the following motions: (1) Plaintiff's motion for partial summary judgment as to Defendants Tritan Group and Most (Docket Entry No. 28); and (2) the Defendants Tritan Group's, Most's, Gibbs's and Eagle Construction's motion to compel arbitration (Docket Entry No. 45). From the Court's review, Plaintiff did not file a response to the Defendants' motions, but the Defendants Tritan and Most filed a response to Plaintiff's motion for partial summary judgment (Docket Entry No. 62).

Plaintiff's motion for partial summary judgment seeks a judgment imposing liability on Tritan and Most for breach of contract, violations of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101, et seq. ("TCPA") and the Tennessee Contractor Licensing Act,

-1-

Tenn. Code Ann. § 62-6-136. Plaintiff reserves the issue of damages. (Docket Entry No. 28, at p. 2). In their response, these Defendants admit their violations of the TCPA, (Docket Entry No. 62), but deny that Plaintiff suffered any injury due to their conduct and deny any breach of contract citing Plaintiff's lack of proof.

### A. Findings of Fact[1]

Plaintiff entered into a contract with Defendant Tritan Group Ltd. to construct and to manage the construction of Plaintiff's log home. Defendants Most and Tritan Group Ltd. estimated the construction costs at $230,000. (Docket Entry No. 30-3, Lowrey Affidavit ¶ 6 & Ex. A). Most and Tritan performed and accepted payment for construction management services for the construction of Plaintiff's log home. Id. Neither Most nor Tritan Group has ever been issued a contractor's license by the Tennessee Board for Licensing Contractors. (Docket Entry No. 30, Roberts Affidavits, Exhibits A and B).

Yet, Plaintiff's contract with Tritan contained the following mandatory arbitration clause. The arbitration provision reads as follows:

> ARTICLE 11. ARBITRATION OF DISPUTES
>
> 11.1 Any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration administered by the American Arbitration Association under its Construction Industry Arbitration Rules, and judgment on the award rendered by the arbitrators(s) may be entered in any court

---

[1]Upon a motion for summary judgment, the factual contentions are viewed in the light most favorable to the party opposing the motion for summary judgment. Duchon v. Cajon Co., 791 F.2d 43, 46 (6th Cir. 1986). As discussed infra, upon the filing of a motion for summary judgment, the opposing party must come forth with sufficient evidence to withstand a motion for directed verdict, Anderson v. Liberty Lobby, 477 U.S. 242, 247-52 (1986), particularly where there has been an opportunity for discovery. Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986). The Court concludes that there are not any material factual disputes. Thus, this section constitutes finding of facts under Fed.R.Civ.P. 56(d) on the issues presented in these motions.

having jurisdiction thereof.

(Docket Entry No. 45-1 at p. 4). Most signed this contract "on behalf of Triton Group Ltd."

Plaintiff's contract with Gibbs also has a mandatory arbitration provision that reads as follows:

> ARTICLE 11. ARBITRATION OF DISPUTES
>
> 11.1 Any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration administered by the American Arbitration Association under its Construction Industry Arbitration Rules, and judgment on the award rendered by the arbitrators(s) may be entered in any court having jurisdiction thereof.

(Docket Entry No. 45-2 at p. 6). Gibbs signed this contract as an individual without any reference to Eagle Construction.

### B. Conclusions of Law

Given the issues raised, the Court first addresses the Defendants' motions to compel arbitration that may render moot consideration of the Plaintiff's motion for partial summary judgment.

Although federal law favors arbitration, Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983), arbitration agreements are interpreted under the applicable state law, First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 943-44 (1995), including whether a non-signatory to the agreement can enforce its arbitration provision. Arthur Anderson LLP v. Carlisle, 129 S.Ct. 1896, 1903 (2009).

Under Tennessee law, the Court may consider the validity of the arbitration agreement before ordering arbitration. Taylor v. Butler, 142 S.W.3d 277, 283-84 (Tenn. 2004). As a

-3-

Case 3:08-cv-00779   Document 64   Filed 07/14/09   Page 3 of 6 PageID #: 492

general rule, non-signatories to an arbitration agreement lack standing to enforce the agreement.[2] Benton v. Vanderbilt Univ., 2003 WL 1627029, at *9 (Tenn. Ct. App. March 31, 2003). In any event, under Tennessee law, contracts with arbitration provisions that violate public policy are unenforceable. See Buraczynski v. Eyring, 919 S.W.2d 314, 319 (Tenn. 1996) (physician-patient arbitration agreement does not offend public policy). Arbitration agreements that are unconscionable are unenforceable. Taylor, 142 S.W.3d at 284; Brown v. Title Loans Inc., 216 S.W.2d 780, 787 (Tenn. Ct. App. 2006) (arbitration agreement limiting arbitration to Plaintiff is unconscionable and unenforceable).

The Tennessee Contractor's Licensing Act of 1994 (the "Act"), Tenn. Code Ann. §§ 62-6-101 – 62-6-521, defines a "contractor" as

> any person or entity who undertakes to, attempts to, or submits a price or bid or offers to construct, supervise, superintend, oversee, schedule, direct, or in any manner assume charge of the construction alteration, repair, improvement, movement, demolition, putting up, tearing down, or furnishing labor to install material or equipment for any building, highway, road, railroad, sewer, grading, excavation, pipeline, public utility structure, project development, housing, housing development, improvement, or any other construction undertaking for which the total cost of the same is twenty-five thousand dollars ($25,000) or more.

Tenn. Code Ann. § 62-6-102(3)(A)(i).

Moreover, "[i]f the cost of a project exceeds twenty-five thousand dollars ($25,000), 'contractor' also includes a construction manager of any kind, **including, but not limited to, a residential construction manager** . . . who conducts or provides any activity or service

---

[2] The Court notes that if enforceable as to Defendants Gibbs and Eagle Construction Company, Gibbs signed the contract with Lowrey without any reference to Eagle Construction. Most signed on behalf of Tritan. Thus, neither Eagle Construction nor Most can invoke the arbitration clause of the Gibbs-Lowrey or Tritan-Lowrey contracts.

-4-

described herein other than normal architectural and engineering services." Tenn. Code Ann. § 62-6-102(3)(A)(iii) (emphasis added). Tennessee law prohibits any person, firm or corporation from engaging in or offer to engage in contracting without a license under the Act. Tenn. Code Ann. § 62-6-103. Tenn. Code Ann. §§ 62-6-136 and 47-18-104(b)(35) provide that contracting without a license is an unfair and deceptive act or practice under the TCPA. Tenn. Code Ann. § 62-6-136(c) imposes personal liability for the owner of a limited liability entity, if the related entity engages in unlicensed contracting.

The undisputed facts are that neither Most nor Tritan Group Ltd. was ever licensed as a contractor under the Act. The construction contract for Plaintiff's log home exceeded $25,000. Here, these Defendants entered into a contract for services that as a matter of Tennessee law required a license. The Court concludes the Lowery-Tritan Group arbitration agreement is unenforceable as that contract is contrary to Tennessee public policy in the Tennessee Contractor's Licensing Act. Thus, the Defendants Tritan's and Most's motion to compel arbitration should be denied. As to the Defendants Gibbs and Eagle Construction, Gibbs signed that contract individually without any reference to Eagle Construction. Eagle Construction is therefore a non-signatory and cannot compel arbitration. Benton, 2003 WL 1627029 at *3.

As to Plaintiff's motion for partial summary judgment, Tenn. Code Ann. § 62-6-136(c) removes any limited liability protection and imposes personal liability upon Most for engaging in unlicensed contracting activities. The Defendants Tritan Group and Most admit their violations of the TCPA. Most and Tritan Group also breached their contract with Plaintiff as they lacked the capacity to perform the contract under Tennessee law. Thus, Plaintiff's motion for partial summary judgment should be granted, but the issue of damages is reserved.

For the above reasons, the Plaintiff's motion for partial summary judgment should be granted on Plaintiff's claims against Most and Tritan Group for breach of contract as well as violations of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-104(b)(35), and the Tennessee Contractors Licensing Act of 1994, Tenn. Code Ann. § 62-6-136. Tritan Group's, Most's and Eagle Construction's motion to compel arbitration should be denied, but Gibbs's motion to compel should be granted.

An appropriate Order is filed herewith.

**ENTERED** this the ___15th___ July, 2009.

William J. Haynes, Jr.
United States District Judge